NF

KC **F I L E D**

FEB - 7 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIS MARIE JONES,       )
                        )
        Plaintiff,      )
                        )
Vs.                     )       NO: **05C 0748**
                        )
SYNTEX, LAB., INC, A CORP.,   )
SYNTEX (USA), INC., BAKER &   )
MC KENZIE LAW FIRM, TERRENCE  )
M. JOHNSON, THOMAS F. TOBIN,  )       **JUDGE COAR**
MUCHIN & KATIN LAW FIRM,      )
JAMES MURRAY & ETAL, UNKN.    )
OTHER NAMES TO BE ADDED,      )
AND Charng-Jia Lue South Shore )      **MAGISTRATE JUDGE KEYS**
Hospital & Ernest Powell Jr.   )
Powell Law Firm, and Jordan Hoffman, )
Kenneth Taylor, Defendants.    )

## COMPLAINT AT LAW

Now comes, the PLAINTIFF, LOIS JONES, by and through PRO SE and complains on each of the above named DEFENDANTS in their personal and professional capacity for INTENTIONAL TORT and a conspiracy to harm the plaintiff and prevent her from her right to life liberty and the pursuant of happiness. **Plaintiff request a JURY DEMAND**

## STATEMENT OF FACT

The initial complaint begins when LOIS MARIE JONES, HEREAFTER "LOIS" was thirty (30) years old and gave birth to a healthy 7lb. 10 ½ oz. Baby Boy named Terrell Jones Jr. who was the 5th born child (fourth of living children) birth naturally by Lois. Terrell was born to Terrell Jones Sr. and Lois Marie Jones on May 11, 1979.

Immediately, after birth, Terrell Jones Jr. (Hereafter "Terrell") was given a Milk

(Plaintiff includes on all counts, pecuniary loss, unnessary spending of money, loss of wages, tutoring expense, med. & etc.)

1.

Formular called Emfamil by the attending Ped. Dr. at the Ingalls Memorial Hospital, Dr. Admadian. Lois was taken for surgery for a T. L. within 6 hours after Terrell's Birth and she was unable to breast feed her son until May 12, 1979.

Around May 15, 1979 Terrell became irritable and Instead of the Emfamil, which mother felt disagreed with Terrell in addition to breast milk, I requested that the Dr. Admadian substitute the Emfamil with Similac Milk Formula and he did so.

Sometime after Terrell and Lois arrived home from the stay in the Ingalls Hospital, Terrell Jr. began to disagree with the milk. Lois and her husband, took Terrell Jr. to several pediatricians and one Pediatician, Dr. Parson stated that Terrell was allergic to cow products and not to give him any breast milk unless is was a Soy Bean Milk and placed Terrell on the Neo Mull Soy Milk Formula. Upon giving Terrell the Neo Mull Soy, he seemed to digest ok, so the parents bought several cans of the Neo Mull Soy.

After both parents, grandparents, neighbors and nannies had fed the Neo Mull Soy to Terrell for one or two months, Terrell began vomiting more than just a spit up type from a belch but, like a water foundtain like vomiting. His stomach would swell and his completion would turn red. Upon taking him to the doctor, we were told that his system had to get use to the milk so to continue giving it to him. and caused pecuniary loss.

Around 6:00 p.m. on August 20, 1979, both parents were watching the 6:00 news when a Special Bullentin Falshed on the T.V. telling all parents who were feeding their babies the Recalled Neo Mull Soy Milk to take their children to the nearest emergency room immediately, because several babies had died from the Milk, Neo Mull Soy, manufactured by Syntex Lab.

Around 6:15 p.m. on August 20, 1979 Terrell was in the South Shore Hospital

2.

Emergency Room and the above information was given to the attending Nurse whose name is _____. This nurse was given information regarding the emergency of the T.V. station's announcement. For some reason, the medical intake report does not reflect same. However, Terrell was hospitalized for about a week with the attending Dr. Lue, telling Lois that there was nothing he could do and that Terrell was going to die from having taken the product.

Lois contacted the Defendants, Syntex from the beside of Terrell and pleaded with the Defendants, Syntex to please "Help her son". The Defendants asked to talk to Terrell's attending physician and that was Dr. Lue at South Shore Hospital. Syntex and Dr. Lue agreed over the phone that Terrell's Life would be spared if he was transferred to the Mayo Clinic. An agreement was made between, Syntex's President _____, Dr. C. Lue, Lois & Terrell Sr. that Terrell would be transferred to Mayo Clinic the next morning and that Defendant's Syntex said they would pay for all expense and for us to pack a bag and be ready to live the next morning. Lois slept underneath her son's crib all the while he was in the hospital for five days on the floor. When Terrell Sr. arrived with packed bags for himself and Lois at the South Shore Hospital to accompany their son on the transfer as agreed, instead, he had been abruptly discharged by Dr. Lue, who was out of the hospital, had left no instructions and Lois and Terrell Sr. was told by the nursing staff that Terrell will not be re-admitted as orders of the Chief of Staff.

For several days, Lois continued to go back to South Shore Hospital, searching for the Dr. C. Lue to no avail. Nobody could find him and finally, Lois was told by Nancy that Dr. Lue was no longer practicing in the state of Illinois in that he was overseas. Lois

3.

learned later that same was not the truth and that the Dr. Lue is on staff at Christ Hospital and his son is on staff at Loyola Hospital as of 3-02..

Plaintiff sought the help of other doctors, Dr. Mamby, back to Dr. Parsons, Dr. Jones, Dr. Davidson, just to name a few. All of the above mentioned doctors, could not help my son. Since it was during the month of August, 1979, Lois had just had a baby and additional surgery and Terrell Sr. was off work on summer vacation with the Board of Education and therefore, during the summer months funds were limited and we did not have money to take my son to the Mayo Clinic.

## Count I

Plaintiff complains of SYNTEX, LAB., INC, A CORP. and SYNTEX (USA), INC., in that they were licensed in the state of Illinois to produce a Milk Formula, Neo Mull Soy that was fed to babies.

1.    That the milk formula caused several babies to dies and speech problems as well as learning disabilities and Plaintiff heard the special bullentin on the T.V. and rushed her baby to the South Shore Emergency Room within 15 minutes.

2.    That the product was recalled around July 1979 as per a mailgram that was sent to the doctor's by the defendants, acknowledging that there was a problem with the Neo Mull Soy Milk.

3.    That the product was not recalled by the defendants until around August 1979 and the defendants did nothing to inform the public prior to the recall of said product.

4.    That to date the recall has not been recinded and the Plaintiff's son is

4.

speech impaired and mild mentally retarded in addition to a learning disablement.

5.     That the statue of limitation on this case does not run until the recall has been recinded.

6.     That plaintiff's son was hospitalized and plaintiff was hospitalized along with her son.

7.     That around August 1979 the defendants entered into a verbal contract with the Plaintiff to secure proper medical help for her son and to date has failed to live up to that contract, consisting of professional medial help for her son by transferring him to the Mayo Clinic.

8.     That around August 1979 the defendants verbally contracted with Dr. Lue of the South Shore Hospital in order to transfer plaintiff's son and then allegedly, conspired with same in order to cause plaintiff's son to continue to suffer.

9.     That Defendant's Attorney's Baker and McKendzie, along with Attorney John Hayes and Ernest Powell Jr. sought the milk product from the Plaintiffs and used same in securing a verdict and not including Plaintiff in said case settlement.

10.     That the defendant carelessly and negligently failed to inform the public of the danger of the Neo Mull Soy Milk Product.

11.     That the defendant failed to recind the Recall.

12.     That the defendant had knowledge of the plaintiff's son's illness due to the Neo Mull Soy Milk from August 1979 to date and has not lived up to their contract for specific treatment and the defendants were negligent.

13.     As a direct and proximate result of one or more of the afore-listed

5.

negligent acts or omissions, Plaintiff suffered excruciating pain and mental anguish, that pursuant to 755 ILCS 5/27-6 the cause of action resulting from said pain and suffering.

14.     That Plaintiff, Lois Jones, has suffered great harm and will continue to suffer in the future and claims damages in excess of Fifty Thousand Dollars.

15.     Plaintiff did not contribute in anyway to cause the above action.

WHEREFORE, Plaintiff, LOIS JONES, RESPECTFULLY PRAYS THIS Honorable Court for the entry of a Judgment in favor of the Plaintiff and against the Defendants, SYNTEX, LAB., INC, A CORP.,& SYNTEX (USA), INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00) and for such other relief as this Court deems right and just.

## COUNT II

Plaintiff complains of MC KENZIE LAW FIRM, TERRENCE M. JOHNSON, & THOMAS F. TOBIN for a conspiracy involving a settlement verdict and deliberately omitting the plaintiff's name from the verdict as other plaintiffs having filed a claim in order to receive money for same.

1.     That the above mentioned Law Firm and Attorneys were duly licensed to practice law in the State of Illinois.

2.     That some time around 1980 and 1985 the defendant's deposed the plaintiff and several other witnesses regarding the above mentioned case.

3.     That copies of 4 depositions are available and will be presented at trial.

4.     That Defendant, Terrance Johnson, allegedly conspired when he

contacted, Ernest Powell Jr. who was then the Plaintiff's Attorney, to commit fraud and did communicate in letter from and phone calls in order to cause additional harm to the plaintiff and her child.

5. That Defendant, Terrance Johnson, by and through the law firm Baker and McKenzie took copies of receipt for the Neo Mull Soy Milk and 2 cans of the Milk from the Plaintiff's and did not tell the truth according to the verdict report of 1985.

6. That plaintiff has letters and other evidence to be admitted during trial involving the alledged conspiracy for money.

7. That the Law Firm, Defendants, Baker and Mckendzie failed to properly train their staff in order to not commit fraud upon the court and additional harm to the Plaintiff and her son and should be held liable.

7. That Plaintiff has suffer great harm and mental anguish and will continue to suffer in the future as a result of the defendants willful and wanton acts.

8. Plaintiff did not contribute in anyway to cause the above actions.

WHEREFORE, Plaintiff, LOIS JONES, prays this Honorable Court for an entry of Judgment in her favor against the Defendants Baker & McKENZIE LAW FIRM, TERRENCE JOHNSON, THOMAS F. TOBIN, in an amount in excess of Fifty Thousand Dollars ($50,000.00) and for such other relief as this Court deems right and just.

## COUNT III

Plaintiff complains of the defendants MUCHIN & KATIN LAW FIRM AND OF JAMES MURRAY for conspiracy and Intent to harm Plaintiff involving the

above mentioned matter and additional torts for their actions and in actions.

1.  That Defendants did around 1983- 1985 represent the Neo Mull Soy Product for money and were license in the State of Illinois to practice Law.

2.  That the Defendant motioned the court to Substitute Attorneys and same was granted by the State Court.

3.  That the Defendants conspired with trickery in the court system and represented the Neo Mull Soy Milk Formula against the Plaintiff and her son.

4.  That a judicial conflict took place involving said case and the defendants did nothing to correct the errors that were made in open court.

5.  That the Defendant, James Murray, called the Plaintiff "Crazy" in open court and Plaintiff, alledges Defamation of Charater in addition to fraud upon the court by the Defendants.

6.  That Defendants tried to stop Plaintiff from filing motions and otherwise but could not rely on statue that would uphold such a request of the courts.

7.  That the Defendant, James Murray, told the Plaintiff, "My client will pay millions of dollars before they give a nigger anything, you might as well forget this lawsuit. (between 1983 1985)

8.  That the actions of the Defendant has caused the Plaintiff a great deal of suffering and pain in addition to mental and emotional anguish.

9.  Plaintiff has suffered in the past and will continue to suffer in the future as a result of the defendant, willful and wanton misconduct and conspiracy to receive money and do additional harm to the plaintiff.

10.    Plaintiff would request punitive damages for the defendant's willful and wanton acts and in actions regarding said case.

11.    Plaintiff did not contribute in anyway to cause the above action.

WHEREFORE, Plaintiff, LOIS JONES prays for this Honorable Court to enter judgment in her favor against the defendants, MUCHIN & KATIN LAW FIRM, JAMES MURRAY, in an amount in excess of Fifty Thousand Dollars ($50,000.00) and for such other relief as this Court deems right and just.

## COUNT IV

Plaintiff complains of the Defendant, Charng-Jia Lue for conspiracy and breech of contract for the above mentioned case and to other acts of Tort involving and agreement made to secure medical help for the Plaintiff's Son and undue pain and suffering from 3 months old to 24 years old to date.

1.    That, Defendant, Charng-Jia Lue is and was licensed to practice medicine in the State of Illinois.

2.    That around August 1979 the Defendant contracted with the Plaintiff to transfer her ill son, 3 months old, Terrell Jones Jr. to the Mayo Clinic and failed to do so.

3.    That around August 1979 the Defendant talked to the Neo Mull Soy Companies President while at the bedside of the Plaintiff's son in the South Shore Hospital Ped. Ward over the telephone.

4.    That after talking to the Milk company, Plaintiff was told by Charng-Jia Lue, to talk to the Neo Mull Soy Company's President and that if Plaintiff agreed, then a transfer would be in effect immediately in order to prevent Plaintiff's

Son from dying.

5. That upon the date of the alledged transfer, the defendant left the hospital, discharged Plaintiff's Son with no medication, and instructed the Emergency Room Staff not to re-admit him around August 1979 and a day after he had made the verbal agreement.

6. That the Defendant, allegedly had the Plaintiff's Son's Medical Records doctored and cause undue harm and stress to the Plaintiff.

7. That Defendant left the South Shore Hospital, informing the public that he was practicing overseas and could not be located around 1979.

8. That Plaintiff, located the Defendant at the Christ Hospital around March 2002 and requested a statement regarding her son and the Defendant refused and claimed he never treated Plaintiff's Son.

9. That Defendant has allegedly conspired for money and should be held liable for his actions and inactions as it relates to the above torts, conspiracy and fraud.

10. That Defendant's Son, Dr. Lue, works at the Loyola Hospital and did verify that his father was the physician at the Christ Hospital, after Charng-Jia Lue, Denied any knowledge of ever having worked at South Shore Hospital.

11. That Plaintiff has suffered in the past and will continue to suffer in the future as an immediate result of the Defendant's actions and false verbal contract and has cause great mental anguish and pain and defendant should be liable for his actions.

12. Plaintiff did not contribute in anyway to cause the above action.

WHEREFORE, PLAINTIFF, LOIS JONES , prays for this Honorable Court and this Honorable Judge to enter judgment in favor of the Plaintiff, against the Defendant, Charng-Jia Lue, , in an amount in excess of Fifty Thousand Dollars ($50,000.00) and for such other relief as this Court deems right and just.


## COUNT V

Plaintiff complains of the Defendant, SOUTH SHORE HOSPITAL as the Administrator of the Nurse and Doctor's Staff in a conspiracy to commit fraud and other tort acts involving the above mentioned case.

1.      That the South Shore Hospital, is a licensed facility in the state of Illinois and duly bound to help people.

2.      That around August 1979, Plaintiff's Son was taken and admitted to the South Shore Hospital as an immediate result of a Bullentin Flash regarding Babies being fed Neo Mull Soy Milk.

3.      That the Nurse in the Intake Dept. of the South Shore Hospital did write the above information on her son's chart and shortly thereafter, Plaintiff's son was admitted to the hospital.

4.      That Around August 1979, Dr. Lue, Ped. Of South Shore Hospital talked to the President of the Syntex, the manufacture of the Neo Mull Soy Milk and agreed to transfer Plaintiff's Son to the Mayo Clinic.  Same was not done and no mention of said conversation was in the medical record of Plaintiff's Son.

5.      That the Defendant's willful and wantonly, allegedly, tampered with the medical records of the Plaintiff's Son in order to make everyone involved in this

11.

conspiracy to look great.

6.     That the Tampering and scratching marks on said medical records and the defendant's involvement in this alledged conspiracy has caused harm to the Plaintiff, she has suffered in the past and will continue to suffer in the future.

7.     That the defendant, failed to properly train staff in order that no fraud would take place regarding the health needs of a patient.

8.     Plaintiff did not contribute in any way to cause the above action.

WHEREFORE, PLAINTIFF, LOIS JONES, prays that this Honorable Court and this Honorable Judge will enter an order in favor of the Plaintiff, against the Defendant, South Shore Hospital, and also for punitive damages, in an amount in excess of Fifty Thousand Dollars ($50,000.00) and for such other relief as this Court deems right and just.


## COUNT VI

Plaintiff complains of the defendant, Ernest Powell Jr. and Powell's Law Firm for representing a Probate Case with a conflict of interest, conspiracy and willful intent to fraud the Plaintiff and her son in regards to the above mentioned matter and in support thereof states as follows:

1.     That the Defendant is licensed to practice law in the State of Illinois.

2.     That on or around 1981-1983 the defendant solicited a case from the defendant which had been filed pro se in 1979 and later given to Attorney Richardson who had filed an appearance involving a 1979 case against the Syntex.

3.     That the Defendant wrote letters to the Baker and Mckendize,

12.

Terrance Johnson and Attorney John Hayes in an attempt to fraud a client and her son.

4.      That the Defendant told the Plaintiff around 1985 in the present of a witness"That case is no good you might as well leave it alone."

5.      That the ARDC contacted the Defendant and he wrote to the ARDC informing them that he never handled a case involving product liability and that he had no experience regarding said matter.  (See Transcripts)

6.      That the Defendant's willful and wanton acts involving the above matter has cause the Plaintiff to suffer a great deal of anguish and same should be liable for punitive damages.

7.      That during the time the Defendant was representing the Plaintiff, she was forced to act like a lady in the office of the defendant on several occasions around the early 70's.  Defendant was approximately 20 years old at the time and did not know better but does now.  She will admit that the Defendant has a very small penis.

8.      Plaintiff has letters and testimony that will prove that the defendant did communicate with the Neo Mull Soy Company and all written and or spoken by the defendant.

9.      That Defendant's Law Firm represented Plaintiff's Sister in a Probate Case involving Plaintiff's Father and while another case was pending in the State Court for Negligence. and notarized false documents in 02-P-2414.

10.      That the Defendant and his firm operated with a conflict of interest in turn their interest was to hurt the Plaintiff by coaching the Plaintiff's Half Sister to

13.

lie on her and keep Plaintiff away from her father, prior to and after his death.

11.     That due to the Defendants, conspiracy and fraudlent acts, Plaintiff has suffered in the past and will continue to suffer in the future.

12.     That Defendant's conspiracy, involving the Neo Mull Soy Case, the Negligence Case (Jones vs. Powell, the Estate of James Trask 02P-2414 and the Jones Vs. Syntex Case is just a few of the conspiracies that were performed by the defendant and by and through their law firm.

13.     Plaintiff did not contribute in anyway to cause the above action.

WHEREFORE, PLAINTIFF, LOIS JONES, prays for this Honorable Court and this Honorable Judge to enter judgment in favor of the Plaintiff, against the Defendant, Ernest Powell Jr. & his Law Firm for conspiracy and operating with a conflict of interest in order to harm the Plaintiff and keep her from attending her father's funeral, in an amount in excess of Fifty Thousand Dollars ($50,000.00) and for such other relief as this Court deems right and just.


## COUNT VII


Plaintiff complains of the Defendant, Jordan Hoffman in his personal capacity and the Law Firm (Powell & Asoc.) for representing with a conflict of interest and willful and wanton intent to harm the Plaintiff and keep her from seeing her father prior to and even after his death an in support thereof states as follows:

1.     That the Defendant Jordan Hoffman is a licensed attorney in the

14.

State of Illinois to practice law.

2. That around the middle of 2003, the Defendant Jordan Hoffman through Ernest Powell and Associates was representing Attorney Ernest Powell in a negligence case and trial in (Jones Vs. Powell)

3. That around the middle of 2003 the Defendant Jordan Hoffman represented the Plaintiff's Sister, Lula Stidwell in a Probate Matter involving the Plaintiff's father.

4. That the Defendant used his authority and the authority of Ernest Powell Jr. to prevent the Plaintiff from seeing, being with her father 1 year before and after his death of 11-17-03.

5. That Defendant also represented a case in a conflict of interest involving the Plaintiff's half sister, Emma Lee Davis (Pierce) around May 2003 and was informed in open court by the Plaintiff that she considered same a conflict of interest.

6. That the fact that Defendant Hoffman, represented Ernest Powell Jr. against the Plaintiff, even went to trial on the negligence charges and said case is on appeal, represented Plaintiff's Sister in 02 P- 2414 against the Plaintiff and at the same time, Represented Emma Pierce in 02 D 17753 against the Plaintiff all three cases against the Plaintiff with cruel and unusual punishment acts were inflicted upon the Plaintiff by the Defendant.

7. Plaintiff has suffered mental anguish and undue stress in the past and will continue to suffer in the future.

15.

8.     Plaintiff feels that the Defendant did intentionally and wanton want to hurt the Plaintiff by not allowing plaintiff to see her father before or after death. How cruel?

9.     Because of the Defendant actions, Plaintiff was not allowed to attend her father's funeral as an immediate result of the Defendant, Hoffman, taking instructions from his Superior, Ernest Powell Jr. whose game was to get the Plaintiff any way that they can.  Powell and Hoffman took the lowest blow of all to hurt the defendant.

10.     That said matter was brought to the attention of the ARDC and nothing happened and Plaintiff, request to be made whole.

11.     That Plaintiff did not contribute in anyway to cause the above actions.

WHEREFORE, PLAINTIFF, LOIS JONES, prays for this Honorable Court and this Honorable Judge to enter judgment in favor of the Plaintiff, against the Defendant, Jordan Hoffman & his Law Firm ( Powell and Asoc.)for conspiracy and operating with a conflict of interest in order to harm the Plaintiff and keep her from attending her father's funeral, in an amount in excess of Fifty Thousand Dollars ($50,000.00) and for such other relief as this Court deems right and just.

For the Plaintiff - Pro Se
Lois Jones

For the Plaintiff
Pro Se    #99500
Lois Jones
7776 S. Coles Avenue
Chicago, Illinois  60649
773-734-7238

16.

### COUNT III (Kenneth Taylor)

Now comes, the PLAINTIFF, LOIS JONES, by and through PRO SE and complains on the Defendant Kenneth Taylor in his personal and professional capacity for his INTENTIONAL TORT, Conspiracy to harm and Breech of Contract and in support thereof states as follows:

1.    That the Defendant is the President of the Syntex Company and in the business of manufacturing, products for babies in several states and is licensed and duly bonded in the State of Illinois, City of Chicago. ( Product Neo Mull Soy Milk).

2.    That on July 27, 2005 Syntex issued a "Dear Doctor" Mailgram concerning several reported cases of metabolic Alkalosis (Blood Ph Greater than the Normal 7.4) in infants fed syntax soy formulas.  The mailgram stated that the "Chloride Levels in syntax soy formulas may not be sufficient for the protection of certain Individual Patients" From abnormally low serum chloride levels (Hypo chlorenia and subsequently from alkalosis.  (contained bleach)

3.    That the Defendant and his company produced a Milk Formula, "Neo Mull Soy" for babies and same was recalled around July 1979.

4.    That Plaintiff fed the Neo Mull Soy for approximately 3 months to her then 3 month old baby who is now 25 years old, retarded with speech and L.D.

5.    That the Defendant knew that the milk caused harm and even death to babies and failed to notify the public of said danger; or recall the Milk, TIMELY.

6.    That the Defendant recalled the Neo Mull Soy Milk Product on the date that Plaintiff's son was admitted to the South Shore Hospital per T.V. Special.

7.    That the Defendant's have not recinded their recall for said milk and

**16  (A)**

is liable for the Excess Medical Bills, Time Lost from Work, Business Loss, Medication, Special Tutoring, dental, copies, legal expense, Counseling and is suffering to date from emotional stress and mental anguish from watching her son suffer for over 25 years, unable to speak and learn properly.

8.     That the Defendant contracted with the Plaintiff around 8/79 to provide special medical treatment and to transfer Plaintiff's Son to the Mayo Clinic where defendant states a doctor would be waiting for him and said, Pack Your Bag.

9.     That the Plaintiff claims punitive damages for bills and stress.

10.     That Plaintiff is marriage parted because of said Infant Formula.

11.     Plaintiff claims pecuniary loss including, Transportation and bills.

12.     Plaintiff has suffered in the past and will suffer in the future.

11.     Defendant may argue, "Statue of Limitations" however, there is no statue because the Plaintiff still suffers and there has been no recall of the recall for the Neo Mull Soy Milk and sufferage to date with her retarded, etc. son.

WHEREFORE, Plaintiff, LOIS JONES, pray for this Honorable Court and this Honorable Judge to enter judgment in favor of the Plaintiff, against the Defendant, Kenneth Taylor in the amount of $500,000.00 plus court cost along with any and all other orders this court deems necessary and just and for this she shall forever pray.

*Lois M. Jones*

_____

For the Plaintiff - Pro Se
Lois Jones

For the Plaintiff
Pro Se    #99500
Lois Jones
7776 S. Coles Avenue
Chicago, Illinois  60649
773-734-7238                    16 (B)

Complaint Verified

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DISTRICT, _____ DISTRICT

LOIS MARIE JONES

Plaintiff -

v.

SYNTEX CORPORTATION
18 North State
Elgin, Illinois

Defendant -

No. 79M 1 305264

Contract _____

Amount Claimed $ 15,000.00

Return Date _____ 10·22·79

42.00

99999
0C01

## COMPLAINT

The plaintiff __ claim __ as follows:

1. On July 27, 1979 Syntex issued a "Dear Doctor" Mailgram concerning several reported cases of metabolic Alkalosis (Blood Ph Greater Than the Normal 7.4) in infants fed syntex soy formulas. The mailgram stated that the "Chloride Levels in syntex soy formulas may not be sufficient for the protection of certain Individual Patients" From abnormally low serum chloride levels (Hypo chloremia and subsequently from alkalosis. (ETC see copy)

Terrell Jones Jr., born May 11, 1979 had been fed the above mentioned Neo-Mull Soy Milk produced by Syntex Labortories. The milk caused an unknown case of severe vomitting for a period of everyday for 3 months. The child was hospitalized and treated by several doctors.

Lois Jones & Terrell Jones, prays that the court finds the defendant guilty of producing milk that was and still is known to be harmful to babies and recently taken off the market.

(Plaintiff is in receipt of several cans of milk, opened and unopened)

FILED
Circuit Court of Cook County, Ill
First Municipal District
NOV 16 1979
Morgan M. Finley
CLERK OF COURT

I, __Lois Marie Jones__ _____ on oath state that I am the _____

plaintiff in the above entitled action. The allegations in this complaint are true.

_Lois Marie Jones_

Signed and sworn to before me

_____ , 19 ____

_____
Notary public

Name        Lois Jones        (Pro-Se)
Attorney for
Address     7772 S. Coles Ave.
City        Chicago, Illinois
Telephone   734-7238

EXHIBIT
A 17

# BAKER & McKENZIE

## ATTORNEYS AT LAW

PRUDENTIAL PLAZA

CHICAGO, ILLINOIS 60601

TELEPHONE (312) 861-8000

CABLE: ABOGADO · TELEX: 25-4425

RUSSELL BAKER (19...)
JOHN C. McKENZIE (19...)
ROBERT N. ALAND
DONALD BAKER
JAMES G. BANNER
GEORGE B. BEAL
JARRED ... ...
JACK O. BEEN
PETER J.M. BENLEY
ROBERT L. BENNER, JR.
NEAL J. BLOCK
THOMAS F. BRIDGMAN
ROBERT S. CANTANRIGHT
MICHEL A. COLLIA
JOHN Y. COLEMAN
ROBERT J. CUNNINGHAM
ROBERT L. DENNAN
ROBERT N. DILWORTH
JOHN W. DONDANVILLE
EDWIN R. DUNN
ROBERT J. GAREIS
WILLIAM J. GIBBONS
RALPH J. GILBERT
MARCUS D. GRAYCK
KARTIN R. GREENSTEIN
THOMAS W. HAGERLEIN
FREDERIC K. HENRY
J. PATRICK HERALD
DOUGLAS HOFFMAN

JOHN C. KLOTSCHE
SERGIO A. LEISECA
WILLIAM J. LINKLATER
DAVID R. MACDONALD
MICHAEL J. MAGDA
PAUL McCARTHY
MARCEL MOLINS
PETER J. MONE
FRANCIS D. MORRISSEY
JOHN E. MORROW
MICHAEL S. MURTAUGH
THOMAS R. NELSON
HARRY J. O'NANE
PETER B. FOWLER
SERGIO QUATTRINI
ROGER M. QUINNAN
ANDRE M. SALTOUN
LAJOS SCHMIDT
HOREN S. SERI
MILES J. SEYE
PREMJIT SINGH
PAUL D. SLOCOMB
JAMES S. STAPLES
SILVANO STEFANI
THOMAS F. TOBIN
FRIEDRICH J. WEINKOPF
HORST H. WERDER
NOIL YOON

AMSTERDAM
BANGKOK
BOGOTÁ
BRUSSELS
CARACAS
FRANKFURT
GENEVA
HONG KONG
LONDON
MADRID
MANILA
MEXICO CITY
MILAN
NEW YORK
PARIS
RIO DE JANEIRO
ROME
SAN FRANCISCO
SAO PAULO
SYDNEY
TAIPEI
TOKYO
TORONTO
WASHINGTON, D.C.
ZURICH

WRITER'S DIRECT LINE

(312) 861-2786

May 20, 1980

Ernest N. Powell, Jr.
Suite 812
33 N. Dearborn Street
Chicago, Illinois 60602

Re: Lois Marie Jones v. Syntex Corp.
    Court No: 79 M1-305264
    Our File: 741-79

Dear Mr. Powell:

Could you please provide us, pursuant to Supreme Court Rule 214, with a list of the lot numbers on the two cans of Neo-Mull-Soy in your client's possession. These should be on the labels of the cans themselves.

Thanking you for your time and consideration in this regard, I am

Very truly yours,

Terrence M. Johnson

TMJ:klt

18

August 28, 1980

John Hayes
10 South LaSalle St.
Chicago, Illinois 60603

Re:  Jones

Dear Mr. Hayes:

This letter is a follow-up to my letter to you of July 14, 1980, regarding my client, Lois Jones.

You may recall that we had a telephone conversation sometime in June regarding this matter, in which I advised you that my client had a baby who had become ill as a result of the use of the formula.

Your sent to me a form, which you ask her to complete and send back to you by me.  I did so, at which time you would make an evaluation and get back in touch with me.

I realize your schedule must be very busy, but at this time, I need to give my client some kind of response.

Would you be kind enough to call or write in response to this letter. Thanking you in advance, I remain,

Respectfully yours,

ERNEST H. POWELL, JR.,

ENP:jlt

19.

LAW OFFICES OF

# JOHN D. HAYES

AND ASSOCIATES, LTD.

JOHN D. HAYES
JOHN S. ADLER
JOSEPH A. POWER, JR.
DAVID J. DeJONG

THREE FIRST NATIONAL PLAZA
CHICAGO, ILLINOIS 60602

TELEPHONE (312) 236-9381

May 18, 1982

Re: Jones v. Syntex, et al.

RECEIVED of the offices of John D. Hayes and Associates, Ltd. this date, the following:

1. Medical records from G. L. Parsons, M.D.
2. Medical records from Ingalls Memorial Hospital.
3. Medical records from South Shore Hospital.
4. General Correspondence.
5. 32 oz. can of neo-mull-soy formula.

20.

Phones: (312) 861-0160 — 0161 — 0191

## Central Reporters Associated

PRUDENTIAL PLAZA • SUITE 2207
130 EAST RANDOLPH STREET
CHICAGO, ILLINOIS 60601

August 3, 1982

Ms. Lois Marie Jones
7772 South Coles
Chicago, Illinois  60649

RE:  JONES VS. SYNTEX
     Deposition of LOUIS MARIE JONES
     Date of Deposition:  5/14/82
     Transcript Length:  121 pages

Dear Ms. Jones:

Please take notice that the transcript of your deposition, taken
in the above-entitled cause, is ready for your review.

Please make suitable arrangements with this office within thirty
(30) days of the above date for the reading and signing of your
deposition transcript.

All counsel listed below have copies of the transcript.

Very truly yours,

CENTRAL REPORTERS ASSOCIATED

cc:  Mr. Terrence M. Johnson, 2700 Prudential Plaza, Chicago, Illinois  60601



21.

# BAKER & McKENZIE

## ATTORNEYS AT LAW

PRUDENTIAL PLAZA

CHICAGO, ILLINOIS 60601

TELEPHONE (312) 861-8000

CABLE: ABOGADO · TELEX: 25-4425

AMSTERDAM
BANGKOK
BOGOTÁ
BRUSSELS
BUENOS AIRES
CARACAS
FRANKFURT
GENEVA
HONG KONG
LONDON
MADRID
MANILA
MEXICO CITY
MILAN

NEW YORK
PARIS
RIO DE JANEIRO
RIYADH
ROME
SAN FRANCISCO
SAO PAULO
SINGAPORE
SYDNEY
TAIPEI
TOKYO
TORONTO
WASHINGTON, D. C.
ZURICH

WRITER'S DIRECT LINE

(312) 861- 2786

December 10, 1982

Lois M. Jones
7772 S. Coles Avenue
Chicago, Illinois 60649

Re:  Jones v. Syntex Laboratories
     79 Ml-305264
     Our File: 741-79

Dear Mrs. Jones:

Pursuant to former Section 58 of the Civl Practice Act
of Illinois would you identify within 28 days the name
of the medical expert which you have retained or will
use in this case.

                         Very truly yours,


                         Terrence M. Johnson

TMJ:klm

22.

JULY 31, 1985

*File*

Baker & McKendzie
Prudential Plaza
130 E. Randolph Suite 2700
Chicago, Illinois

Attention: Mr. Kent Matthewson          Re: Jones, Terrell Vs. Syntex

Dear Mr. Matthewson:

We are in receipt of your letter and was indeed happy to hear from you
in regard to our son, Terrell Jones Jr.

Terrell Jr. is still suffering from a speech problem, but we are willing
to talk about an immediate settlement.

Will you please submit your offer to us in writting as soon as possible?

Thanking you in advance.


Sincerely yours,

Lois Jones, Mother


P.S.   We have called your office several times and received no response to
our telephone calls.  You may reach either Terrell Jones Sr. or Lois
L. Jones at 721-8745.  Our new address is 7776 S. Coles Avenue, Chicago
Illinois 60649.

23.

# BAKER & McKENZIE

### ATTORNEYS AT LAW
PRUDENTIAL PLAZA
**CHICAGO, ILLINOIS 60601**
TELEPHONE (312) 861-8000
CABLE: ABOGADO · TELEX: 25-4425

AMSTERDAM
BANGKOK
BOGOTÁ
BRUSSELS
BUENOS AIRES
CARACAS
FRANKFURT
GENEVA
HONG KONG
LONDON
MADRID
MANILA
MELBOURNE
MEXICO CITY
MIAMI

MILAN
NEW YORK
PARIS
RIO DE JANEIRO
ROME
SAN FRANCISCO
SAO PAULO
SINGAPORE
SYDNEY
TAIPEI
TOKYO
TORONTO
WASHINGTON, D. C.
ZURICH

WRITER'S DIRECT LINE
(312) 861- 8864

August 28, 1985

Mrs. Lois M. Jones
7772 S. Coles Avenue
Chicago, Illinois   60649

Re:  Jones v. Syntex Laboratories
     Court No. 79 M1 305264
     Our File No. 79-0741

Dear Mrs. Jones:

I have already written you and explained my client's position
regarding this lawsuit.  I would appreciate a response to our
settlement offer.  If I do not hear from you in the near future,
I will take action as outlined in my earlier correspondence.
Of course, I am very willing to discuss this matter with you.
I look forward to hearing from you soon.

Very truly yours,

J. Kent Mathewson

J. Kent Mathewson

JKM/jw

24.

CCG-2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Terrell Jones,
v. et al

NO. 79 M1 305264

Syntex Laboratories,
Inc. al
Syntex USA, Inc.

**ORDER**

This cause coming to be heard on
Plaintiffs' Motion to Vacate the dismissal for want of prosecution
∧ pursuant to entered on 9/23/81
735 ILCS 5/2-1401; the parties having notice
the court being fully advised in the premises;
It is hereby ordered that plaintiffs'
Motion to Vacate is <u>denied</u>.

JUDGE SIDNEY A. JONES, III

JUL 2 6 1995

Circuit Court-189

.............................., 19.....

**ENTER:**

Plaintiff not present in court
Atty No. *80428*
Name *Brooks*
Attorney for *defendants*
Address *RM 3*
City *525 W Marrel*
Telephone *Suite 1600*
*312 902 5210*

.................................
Judge        Judge's No.

♻
printed on recycled paper

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

25

C00122

# KATTEN MUCHIN & ZAVIS

IRVINE, CA
LOS ANGELES, CA
NEW YORK, NY
WASHINGTON, D.C.

525 WEST MONROE STREET • SUITE 1600

CHICAGO, ILLINOIS 60661-3693

TELEPHONE
(312) 902-5200
TELECOPIER
(312) 902-1061

WRITER'S DIRECT DIAL NUMBER

(312) 902-5386

March 6, 1996

Ms. Lois Jones
7776 South Coles Avenue
Chicago, Illinois 60649

Re:     Jones v. Syntex Laboratories, Inc.

Dear Ms. Jones:

Enclosed are documents which we filed in the Appellate Court on March 6, 1996. Specifically, the documents include the following:

(1)     Katten Muchin & Zavis' Appearance on behalf of Defendants-Appellees;

(2)     Defendants-Appellees' Motion to Amend Record on Appeal;

(3)     Proposed Order for Defendants-Appellees' Motion to Amend;

(4)     Defendants-Appellees' Motion to Dismiss;

(5)     Defendants-Appellees' Memorandum in Support of Defendants-Appellees' Motion to Dismiss;

(6)     Supporting Record; and

(7)     Proposed Order for Defendants-Appellees' Motion to Dismiss.

Because all of the above documents were filed on March 6, 1996, please disregard the Notices of Filing sent to you on March 5, 1996. The March 5, 1996 Notices of Filing are incorrect.

Please call me if you have any questions.

Very truly yours,

Edwin E. Brooks

26.

COOK COUNTY JURY VERDICT REPORTER
127 North Dearborn St., Chicago, Ill. 60602
Weekly, $180 a year

PLAINTIFF
EXHIBIT
2

CONFIDENTIAL - REPRODUCTION FORBIDDEN

Issue No. 19, Volume 2A - Friday, March 8, 1985

(G/1) MEDICAL MALPRACTICE AND P. L.-INFANT FORMULA-PUNITIVE HIGH (12, 11)
James Duddleston and Timothy Sheridan, minors, vs. Syntex Laboratories, Inc.,
and Syntex (USA), Inc.    80L-5726 (consol) Tried Jan. 23-Feb. 28

VERDICT:    $27,000,000 ($3M compensatory to Sheridan, $2M Duddleston, and
$22M punitive unallocated to be distributed by court)
JUDGE: Brian L. Crowe (County)

ASKED JURY: $15M and $30M punitive
P. ATTY:    John D. Hayes of Hayes & Power        OFFERS: $ 30,000 Duddleston,
T.    "    :    Thomas F. Tobin of Baker & McKenzie            $250,000 to Sheridan.
E. MEDL:    Dr. Michael Campbell (pediat.-Duddleston)

E. EXPERTS: Dr. Adrian Upton, prof. and dir. neurological physiology, McMaster
University Medl. Center, Hamilton, Ont., Canada (416-521-2100);
Dr. Shane Roy III, prof. of pediatric nephrology, U. of Tennessee,
Memphis, Tenn. (901-522-300)

T EXPERTS: Dr. Edward M. Schwartz, co-dir. pediatric psychological unit,
University of Michigan Medical School, Ann Arbor, Mich. and
Dr. Lawrence C. Tomasi*, pediatric neurol., Children's Memorial Hosp., Chicago

FACTS:    James, born Jan. 29, 1979, and Timothy, born Oct. 5, 1978, were fed for three
months with Neo-Mull-Soy, a concentrated liquid soy isolate made by deft. for
milk-allergic infants which allegedly damaged their development by reducing
the amount of chloride anions, necessary for electrolyte balance in their blood,
contrary to representations made to health professionals. Result was learning
disability including language and fine motor deficits. Defense said that any
such lacks in the two were merely representative of what studies show affect
25 pct. of the general population, pointing out that James had an I. Q. of 110,
in the upper average, and Tim 77.
Since the case was the first tried of 16 similar pltfs. handled by Hayes and
Power, some for other lawyers, the defense is contending the punitive damages
should, if upheld on appeal, be divided among all the pltfs. under the theory
that, being quasi-criminal, punitive damages can only be tried once on each
occurrence. Atty. Tobin made a like contention for the defense in the Illinois
Central-Gulf wreck Oct. 30, 1972, in which 45 were killed and many hurt at
27th street, and the only jury trial brought $1,050,000 punitive, then a record,
and $371,000 compensatory to 3 pltfs. (See Case Q 10/1). Settlement of all
the rest avoided a higher court ruling on the point, and the three divided the
punitive award. Pltfs. here contend it should be divided between the two boys
and can be repeated.
Other pending pltfs. and their lawyers can be found through our Medical
Malpractice Suit Lists and Indexes in Cases 80L-10068, 80L-12855, 80L-21325,
81L-15415, and 82L-14756.
The formula was recalled by Syntex after filing of the suits began. An
estimated 20,000 infants had used the product which Atty. Tobin cited in his
contention that the developmental defects charged as resulting were from
other causes.

COMPARISON:    The punitive award is a new high, exceeding a prior $13,000,000 in Z 36/1
in medical malpractice (where $9,200,000 compensatory was also given)
and $13,000,000 punitive plus $650,000 compensatory in 79 N/1 in product

3303

(4-81) CCG-3A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

LOIS JONES,
**Plaintiff**
v.

NO. . . . .79 Ml 305264 . . . . . . . . . . . . . . .

SYNTEX CORPORATION,
**Defendant**



DEFENDANT'S
EXHIBIT
12

### NOTICE OF MOTION

To: **Mrs. Lois Jones**
**7772 South Coles**
**Chicago, Illinois**

**John D. Hayes**
**10 S. LaSalle**
**Chicago, Illinois**

**c/o Terrence Johnson**
**Baker & McKenzie**
**Presidential Plaza**
**Chicago, Illinois  60601  File #741**

On . . . . . . **September 4** . . . . . . . . . . . . . . . . .19 81 , at . . . . **10:00 a**. . . . . . . . . . . . . . . . . . . m.,

or as soon thereafter as counsel may be heard, I shall appear before the Honorable . . . . . . . . **Judge Mackoff** . . Rm . 1501 . . .

or any judge sitting in his stead, in the courtroom usually occupied by him in the Richard J. Daley Center, Chicago, Illinois, and

**motion to withdraw at request of Plaintiff.**

Name
Address
Telephone
**ERNEST N. POWELL, JR**
**33 North Dearborn  #505**
**782-4541**

Attorney for
City
**Plaintiff**
**Chicago**

Copy received . . . . . . . . . . . . . . . . . . . . . . . . . . . ., 19 . . . ., at . . . . . . . . . . . . . . . . . . . . . . . . . . . . m.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### PROOF OF SERVICE BY DELIVERY

I, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :
(the attorney, certify)                    (a non-attorney, on oath state)

On . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19 . . . ., I served this notice by delivering a copy personally to each
person to whom it is directed.

(If not the attorney)
Signed and sworn to before me     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . , 19 . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Notary public

### PROOF OF SERVICE BY MAIL

I, . . . . . **Juanita Strong** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :
(the attorney, certify)                    (a non-attorney, on oath state)

I served this notice by mailing a copy to . . **same as above** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

at . . . . . . . . . . . . . **same as above** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(address which appears on envelope)

and depositing the same in the U.S. mail at . . . . **33 North Dearborn** . . . . . . . . . . . . . . . . . . . . . .
(place of mailing)

at . . **3:00** . . . . . . . . . . . . . . . . p. . m. on . . . . **August 27,** . . . . . . . . . . . . . .19 81 ., with proper postage prepaid.

(If not the attorney)
Signed and sworn to before me . . . . . . . **August 27,** . . . . . . . . . . . . . . . . . . . . . . . . .19 81 .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Notary public

NOTE: If more than one person is served by mail, additional proof of service may be made on the reverse side.

**MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

29

STATE OF ILLINOIS)
                 ) SS.
COUNTY OF C O O K)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

LOIS MARIE JONES,                    )
                                     )
            Plaintiff,               )
                                     )
VS.                                  )        NO. 79 MI 305264
                                     )
SYNTEX CORPORATION,                  )
                                     )
            Defendant.               )

## MOTION TO WITHDRAW

NOW COMES ERNEST N. POWELL, JR., attorney for Plaintiff,
Lois Marie Jones and asks leave to withdraw as attorney for plaintiff
for these reasons:

1. Plaintiff filed a pro se complaint.

2. Subsequently she retained attorney Richard C. Anderson
to whom she later indicated she did not need the services of an
attorney and he withdrew Jan 10, 1980.

3. Sometime in March, 1980 my services were requested
and I filed an appearance, notified Baker & McKenzie in April, 1980.

4. After a preliminary investigation and interview, I
contacted attorney John D. Hayes who has a similar suit pending for
another client and he sent forms to me to be completed by Lois M. Jones.

5. After she completed same she has since failed to keep
and or make an appointment to follow up and has expressed some
doubt as to her desire to cooperate because she is not satisfied
with the services.

6. She has indicated that she thinks she can do better on
her own.

WHEREFORE, I Ernest N. Powell, Jr., request leave to withdraw
as additional counsel for plaintiff.

33 North Dearborn #505                ERNEST N. POWELL, Attorney at Law
Chicago, Illinois
782-4541

29.